UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEMAR THOMAS, JR., | : |
|       Plaintiff, | : |
| v. | :   Civil Action No. 23-2732 (UNA) |
| UNITED STATES POSTAL SERVICE, | : |
|       Defendant. | : |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and his *pro se* complaint (ECF No. 1). The Court will grant the application, and for the reasons discussed below, dismiss the complaint without prejudice.

Plaintiff alleges the money order he purchased on March 7, 2023, for payment of rent, which he supposedly mailed to his landlord on the same date, did not reach its intended destination. *See* Compl. at 1-2. Instead, "the money order had been cash back . . . by [a] Post Office employee." *Id*. Plaintiff demands an award of $500,000 "for mental stress, physical stress, defamation of character, [and] physical pain." *Id*. at 2.

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Further, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556).  Although a *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79).  As drafted, the complaint fails to meet these goals.

By demanding relief for "mental stress," Compl. at 2, the Court presumes that plaintiff intends to bring an intentional infliction of emotional distress ("IIED") claim.  "To establish a prima facie [IIED] case . . . , a plaintiff must show (1) extreme and outrageous conduct on the part of the defendant which (2) either intentionally or recklessly (3) causes the plaintiff severe emotional distress." *Larijani v. Georgetown Univ.*, 791 A.2d 41, 44 (D.C. 2002) (citations omitted).  "Liability will be imposed only for conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community," *Homan v. Goyal*, 711 A.2d 812, 818 (D.C. 1998) (internal quotation marks and citations omitted), and plaintiff's complaint does not allege facts showing extreme or outrageous conduct on defendant's part.

Plaintiff fares no better with his defamation claim.  "Under [District of Columbia] law, a plaintiff pleading defamation must allege: '(1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective

of special harm or that its publication caused the plaintiff special harm."' *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 624 (D.C. Cir. 2023) (quoting *Beeton v. District of Columbia*, 779 A.2d 918, 923 (D.C. 2001)) (additional citation omitted). The complaint alleges no facts showing that defendant made a statement of any kind concerning plaintiff, let alone a statement that was false and defamatory. Likewise, there are no factual allegations to support a plausible claim that defendant caused plaintiff "physical stress" or "physical pain." Compl. at 2.

The Court concludes that the complaint fails to state claims for which relief can be granted and, accordingly, the Court will dismiss the complaint and this civil action without prejudice. An Order is issued separately.

DATE: December 11, 2023              JIA M. COBB
                                     United States District Judge